IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ANTHONY E. HARRIS                                                                                          PLAINTIFF

vs.                                          Civil No. 3:07-cv-03060

MICHAEL J. ASTRUE                                                                                        DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Anthony E. Harris ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm Larry Hendren referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **REVERSED AND REMANDED.**

**1. Background:**

Plaintiff protectively filed his applications on March 8, 2005. (Tr. 11, 49). In these applications and in supporting documents filed with the SSA, Plaintiff alleged he was disabled due to mental problems, post traumatic stress disorder, depression, "schizoid," and seizure disorder. (Tr. 77). Plaintiff claims that he has a "hard time being around people" and that he has 'flash backs,"

seizures, and back pain. (Tr. 77). Plaintiff alleged his onset date was November 1, 2003. (Tr. 11, 49). Plaintiff's applications were initially denied on May 12, 2005 and were denied again on reconsideration on December 28, 2005. (Tr. 33-34).

On February 3, 2006, Plaintiff requested a hearing on his application. (Tr. 30). This hearing was held on April 19, 2007 in Harrison, Arkansas. (Tr. 507-546). Plaintiff was present and was represented by counsel, Frederick Spencer, at this hearing. *See id.* Plaintiff, Plaintiff's wife (Regina Harris), and Vocational Expert ("VE") David O'Neal testified at this hearing. *See id.* At the time of this hearing, Plaintiff was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had completed the tenth grade of high school. (Tr. 512).

On July 31, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-20). In this opinion, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2008. (Tr. 13, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 1, 2003, his alleged onset date. (Tr. 13, Finding 2). The ALJ found Plaintiff had the following severe impairments: personality disorder, degenerative disc disease, obesity, and seizures. (Tr. 13-14, Finding 3). The ALJ, however, also found Plaintiff's impairments were not considered "severe" and did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 4).

In this opinion, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his limitations were not totally credible. *See id.* Second, the ALJ determined, based upon his review of Plaintiff's

2

subjective complaints, the hearing testimony, and the evidence in the record that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work (lift and carry 50 pounds occasionally and 25 pounds frequently; stand or walk for 6 of 8 hours in a work day; sit for 6 of 8 hours in a work day) except he needs to take seizure precautions and cannot drive, needs protection from falls, cannot work at unprotected heights, and cannot work around dangerous machinery. He cannot climb scaffolds, ladders or ropes. He is limited to jobs involving non-complex, simple instructions, use of little judgment, and routine and repetitive tasks learned by rote with few variables. He can have only superficial contact which is incidental to the work performed with the public and co-workers. He needs concrete, direct, and specific supervision.

(Tr. 15-16, Finding 5).

The ALJ then determined Plaintiff was unable to perform any of his Past Relevant Work ("PRW") but would be able to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Findings 6, 10). Specifically, the ALJ found Plaintiff would be able to perform work as a hand packer with 950,000 such jobs in the United States and 7,000 such jobs in Arkansas and as a kitchen helper with 488,000 such jobs in the United States and 3,300 such jobs in Arkansas. (Tr. 19, Finding 10). The ALJ determined, based upon this finding, that Plaintiff was not under a "disability" as defined by the Act, at any time through the date of his decision or through July 31, 2007. (Tr. 19, Finding 11).

On September 11, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). On October 15, 2007, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On December 4, 2007, Plaintiff filed the present action. (Doc. No. 1). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (1) the ALJ failed to properly follow the regulations or to discuss all of Plaintiff's impairments, such as obesity and dysthymic disorder; (2) the ALJ failed to properly discuss whether Plaintiff's conditions met or medically equaled the requirements of Listing 12.02 (organic brain disorder); (3) the ALJ failed to properly assess all of Plaintiff's "severe" impairments; (4) the ALJ erred in evaluating Plaintiff's RFC; (5) the ALJ erred by failing to give proper weight to the opinions of Plaintiff's treating psychiatrists and physicians; and (6) the ALJ erred by failing to specifically state his reasons for disregarding Plaintiff's medical records. (Doc. No. 5, Pages 8-20).

In response, Defendant claims the ALJ properly considered Plaintiff's subjective complaints

and discounted them for legally-sufficient reasons. (Doc. No. 6, Pages 5-8). Defendant claims the ALJ properly followed the correct procedures for evaluating mental impairments and the ALJ properly determined Plaintiff retained the RFC to perform jobs existing in significant numbers in the national economy. *See id.* at 8-10. Finally, Defendant claims the ALJ fully and fairly developed the record in Plaintiff's case. *See id.* at 10-11. Because this Court finds the ALJ erred in evaluating Plaintiff's subjective complaints, this Court will only address that issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ discounted Plaintiff's subjective complaints with little or no *Polaski* analysis. Although the ALJ stated findings regarding the *Polaski* factors, the ALJ did not state any *inconsistencies* between Plaintiff's testimony and other evidence in the record. (Tr. 13-19). The only substantive analysis the ALJ provided related solely to Plaintiff's medical records. (Tr. 17-18). This analysis is insufficient. *See Baker,* 159 F.3d at 1144. On remand, the ALJ is directed to more fully evaluate Plaintiff's subjective complaints, especially Plaintiff's subjective complaints regarding his alleged mental disability. The ALJ, should he determine that Plaintiff's subjective complaints be discounted, should point out any inconsistencies between the subjective complaints of the Plaintiff and the objective evidence of record, in accord with *Polaski*.

**4. Conclusion:**

Based upon the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that this case be reversed and remanded.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 16th Day of December, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE